Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham Lambert, SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Tel: (213) 514-5681
Fax: (213) 514-5682

Attorneys for Plaintiff Kazem Mousavi

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| KAZEM MOUSAVI, an individual; | CASE NO. |
| Plaintiff, | |
| v. | **MOTION TO QUASH SUBPOENA FOR MEDICAL RECORDS** |
| JOHN CHRISTNER TRUCKING, LLC (2) THREE DIAMOND LEASING, LLC | |
| Defendants. | |

Plaintiff Kazem Mousavi ("Plaintiff" or Mousavi") requests this Court to quash a subpoena served by Defendant John Christner Trucking, LLC ("Defendant or "JCT") on Iraj Azizi, M.D., 9200 West Pico Blvd., Los Angeles, CA 90035. A copy of the subpoena is attached as Exhibit 1. The subpoena seeks all of Plaintiff's medical records between January 1, 2004 to present. This case is currently pending

in the Federal District of the Northern District of Oklahoma, styled *Kazem Mousavi v. John Christner Trucking, LLC et al.*, Case No. 19-CV-00003-CVE-JFJ. The place of compliance listed on the subpoena, however, is located in Los Angeles, California. Thus, under Federal Rule of Civil Procedure 45(d)(3)(A), Plaintiff must bring his motion to quash in this Court, "the court for the district where compliance is required." As discussed below, these records are private, confidential, irrelevant, and amount to a pure fishing expedition designed to harass Plaintiff, and this Court should quash or modify the subpoena accordingly.

## I.   BRIEF STATEMENT OF THE CASE

Mousavi began working as a semi-truck driver for JCT in 2012. On approximately April 6, 2017, JCT installed a camera in Mousavi's semi-truck without informing him that the camera would be recording audio inside of his cab. Approximately two weeks after installation, an employee of JCT informed Mousavi that she had been listening to his conversations, stating that she loved listening to him speak in his native tongue. Mousavi, paranoid and anxious from his employer's blatant privacy invasion, asked his supervisor to remove the camera, but his supervisor refused. Mousavi returned to his home in California to see a doctor regarding his anxiety and informed JCT that he was not fit to drive due to the mental anguish he was experiencing from being surveilled. Knowing that Mousavi was unfit to drive, JCT asked him to return to the road. On May 5, 2017, at 9:45 a.m. (CST), Mousavi tipped over his truck on a narrow road in rural Missouri. Four days later, JCT fired him.

On January 3, 2019, Mousavi filed the above referenced action in the Northern District of Oklahoma. In his Complaint, Mousavi asserted claims against JCT for (1) a violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.*, (2) discrimination in violation of 42 U.S.C. § 1981, (3) an invasion of his right of seclusion, (4) negligence per se, and (5) breach of contract. Mousavi further allege a separate breach of contract claim against Three Diamond

**Motion to Quash Subpoena for Medical Records**

Leasing, a subsidiary of JCT. Mousavi's negligence per se claim and his discrimination claim were dismissed on April 19. (Dkt. #25.) Mousavi currently has a Motion to Amend his Complaint pending. (Dkt. # 39.)

## II.    FACTS RELEVANT TO THIS MOTION TO QUASH

1.    On May 8, 2019, Defendant issued its first Subpoena to Dr. Iraj Azizi. *See* Exhibit 2, Subpoena to Iraj Azizi dated May 8, 2019. Defendant did so without first sending Plaintiff a medical authorization form or discussing whether Plaintiff would consent to the discovery of his medical records. Moreover, in Attachment A of the subpoena to Dr. Azizi, Defendant listed Mr. Mousavi as the Applicant, making it appear as though it was Mr. Mousavi, not Defendant, who was seeking the records.[1]

2.    On May 15, 2019, Plaintiff mailed an objection to the subpoenas to each medical provider subpoenaed by Defendant. *See, e.g.*, Exhibit 3, Letter from Craig Hoster to Dr. Iraj Azizi, dated May 15, 2019, Objecting to Defendant's Subpoena for the Production of Documents. Each letter objected to Defendant's Subpoenas on the same grounds:

> You recently received a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action," a copy of which is enclosed.  Although the Subpoena states that the Applicant is Kazeem [sic] Mousavi, Mr. Mousavi did not consent or authorize the issuance of the Subpoena.  The Subpoena purports to require you to produce documents containing protected health information in Tulsa, Oklahoma, which is beyond the geographical limits specified in Rule 45(c) of the Federal Rules of Civil Procedure. Rule 45 (c)(2)(A) states that a subpoena may command production of documents "within 100 miles of where the person resides, is employed, or regularly transactions business in person"; it is assumed that you do not conduct any of these activities within 100 miles of Tulsa.

---

[1] Defendant mailed a total of sixteen subpoenas on this same day to all of Mr. Mousavi's medical providers, and each one listed Mr. Mousavi as the applicant.

**Motion to Quash Subpoena for Medical Records**

On behalf of Kazem Mousavi we object to the production of the documents requested in the Subpoena for multiple reasons, including, without limitation, the following:

1.      The request for documents is too broad.   The Subpoena requests "the entire contents of all medical files" and is not limited to the relevant documents concerning the injuries which are the subject of the litigation.

2.      The time periods set forth in the Subpoena are too broad.  These time periods should be limited to time periods that are relevant in the litigation.

3.      The Subpoena requests documents and information, the production of which would disclose Mr. Mousavi's protected health information in violation of HIPAA privacy rules (generally 45 CFR §164.501 et seq.).   Mr. Mousavi has not consented or authorized the release of all the protected matter requested in the Subpoena.   Further an appropriate protective order has not been sought or obtained to cover the health information.

Additionally, Kazem Mousavi does not waive any protections or restrictions on the disclosure of health information and records under California law.

3.      On May 21, 2019, Defendant's counsel mailed a letter to Plaintiff's counsel stating that he would withdraw the current subpoenas and re-issue them so as to not run afoul of Fed. R. Civ. P. 45(c)(2)'s 100 mile rule. *See* Exhibit 4, Nicholaus Hancock Letter to Craig Hoster dated May 21, 2019. In that same letter, Defendant's counsel stated that he would accept an executed medical authorization

**Motion to Quash Subpoena for Medical Records**

1   permitting him "to obtain Plaintiff's medical and psychological treatment and

2   billing records from May 5, 2016 (1 year before the accident) to present." *See*

3   Exhibit 4 at 2. Defendant's counsel attached a medical authorization to his

4   correspondence, and that was the first time Defendant had ever sought a medical

5   authorization from Plaintiff.

6   4.      After some negotiation regarding the wording of the medical authorization,

7   Plaintiff's counsel emailed Defendant's counsel a blank signed medical

8   authorization for use with any of Plaintiff's medical providers except for Dr. Iraj

9   Azizi. Dr. Azizi is Plaintiff's primary care physician, so Plaintiff believed the

10  request for all of Mr. Mousavi's medical records from Dr. Azizi was overbroad,

11  considering Mr. Mousavi was only claiming injuries to certain body parts, but the

12  authorization was not so limited. *See* Exhibit 5, Email Correspondence from Deric

13  McClellan to Nicholaus Hancock dated June 10, 2019.

14  5.      Plaintiff's counsel and Defendant's counsel exchanged emails regarding the

15  scope of the medical authorization for Dr. Azizi, and the parties settled on a medical

16  authorization that was limited in scope to the body parts injured in the May 5, 2017

17  wreck, as well as any records concerning Plaintiff's mental state. Those body parts

18  included Mousavi's left elbow, left hand and fingers, neck, left shoulder, back, and

19  left ribs. *See* Exhibit 6, Email Correspondence between Deric McClellan and

20  Nicholaus Hancock from June 10, 2019 through June 14, 2019. Defendant

21  specifically reserved its right to request broader authorization if, after review of the

22  information received, they determined that the records provided by Dr. Azizi were

23  inadequate.

24  6.      Plaintiff returned a signed medical authorization for Dr. Azizi on June 21,

25  2019. *See* Exhibit 7, Email Correspondence from Deric McClellan to Nicholaus

26  Hancock on June 21, 2019; *see also* Exhibit 8, Signed Medical Authorization from

27  Plaintiff Kazem Mousavi Authorizing Dr. Azizi to Release his Medical Records to

28  Defendant's Counsel.

**Motion to Quash Subpoena for Medical Records**

7.     To Plaintiff's knowledge, Defendant never received any medical records from Dr. Azizi.

8.     On August 2, 2019, Defendant issued the subject subpoena to Dr. Azizi, requesting the following:

>    1. Copies of the complete medical records from **January 1, 2004 to PRESENT** (whether existing in print of electronic form), including but not limited to:
>
>>    a.   Intake   documents,   questionnaires,   admissions summaries;
>>
>>    b. History and physical forms, etc.
>>
>>    c.  Medical records, including any ER/Trauma records, physical therapy, consultation reports, progress notes, etc.;
>>
>>    d. Medical reports, dictated and/or written;
>>
>>    e. Doctors and/or nursing notes;
>>
>>    f. Prescriptions;
>>
>>    g. Reports of x-rays, MRI's, CT Scans, **INCLUDING CD** of films and/or studies;
>>
>>    h. Lab work and or other diagnostic tests;
>>
>>    i. Face Sheets;
>>
>>    j. Discharge summaries;
>>
>>    k.  ALL correspondences or other documentation about which you may have knowledge, concerning the physical condition and/or mental condition and care of Kazem Mousavi for treatment dates January 1, 2001 to the present;
>>
>>    l. Certification by provider and/or by Affidavit (attached).

*See* Exhibit 1 at 2.

**Motion to Quash Subpoena for Medical Records**

9.     Plaintiff's counsel contacted Defendant's counsel on August 15 about his concerns with the subpoena. After discussing the scope of the subpoena, the two sides could not come to an agreement. *See* Exhibit 9, Email Correspondence between Deric McClellan and Nicholaus Hancock, dated August 16, 2019.

## III.   ARGUMENT AND AUTHORITY

### A.   <u>The Records Requested By Defendant are Private, Privileged, Irrelevant, and Overbroad</u>

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) states that a court "must quash or modify a subpoena that: (iv) requires disclosure of privileged or other protected matter, if no exception or wavier applies." There is no doubt that Plaintiff has a protected privacy right in medical records pertaining to his physical and mental health. *See generally Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) (finding that a right to privacy is implied in the 1st, 3rd, 4th, 5th, and 9th Amendments). Numerous federal courts have recognized the inherent, highly confidential and private nature of medical records. *See Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality."); *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000) ("There is no dispute that confidential medical information is entitled to constitutional privacy protection." (quoting *A.L.A. v. West Valley Cty*, 26 F.3d 989, 990 (10th Cir. 1994)).

Along with a constitutional right to privacy in one's medical records, individuals also enjoy a statutory privilege under both California and Oklahoma law. *See, e.g.*, Cal. Evid. Code § 994 ("[T]he patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and physician if the privilege is claimed by: (a) The holder of the privilege . . . ."); 12 O.S. 12-2503(B) ("A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential

communications made for the purpose of diagnosis or treatment of the patient's physical, mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family."). Of course, this privilege can be waived by filing a lawsuit and putting one's physical and mental condition into dispute. *See, e.g.*, Cal. Evid. Code § 996 ("There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by . . . . [t]he plaintiff in an action brought . . . for damages . . . ."); *see also* 12 O.S. 12-2503(D)(3) ("The privilege under this Code as to a communication relevant to the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon that condition as an element of the patient's claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense is qualified to the extent that an adverse party in the proceeding may obtain relevant information regarding the condition by statutory discovery."). However, a plaintiff does not open up his entire medical history to scrutiny and bad faith fishing expeditions just by filing a lawsuit. *See Britt v. Superior Court*, 574 P.2d 766, 768-69 (Cal. 1978); *see also Nitzel v. Jackson*, 1994 OK 49, 879 P.2d 1222, 1223 (1994).

Moreover, while "Rule 45 does not list irrelevance or over breadth as reasons for quashing a subpoena . . . courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011); *see also Clay v. Lambert*, No. 17-cv-85-PAB-MEH, 2017 WL 4755152, at *2 ("A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is subject to the same standards that govern discovery between the parties—it must seek relevant information and be proportional to the needs of the case.").

**Motion to Quash Subpoena for Medical Records**

Accordingly, this Court must determine whether Defendant's request for medical records is limited to the cause and extent of the injuries and damages claimed. Defendant's request is not so limited. First, Defendant seeks over fifteen years of medical records after only requesting three for vast majority of this case. The date appears to be arbitrary, as nothing significant in Mousavi's medical history occurred in 2004.

Moreover, and most importantly, the request is not limited in scope to the injuries sustained by Mousavi in the May 5, 2017 wreck. The request encompasses the records from every single visit Mousavi has had with Dr. Azizi over a fifteen year span. Notably, Dr. Azizi is not a specialist, but rather, is Mousavi's primary care physician. He is Mousavi's first stop for every medical issue in his life. And Defendant wants unfettered access to all of those records— regardless of whether Mousavi was treated for the flu or a hangnail—for a fifteen year period.

The Ninth Circuit has noted that "[e]xtension of the right of confidentiality to personal medical information recognizes there are few matters that are quite so personal as the status of one's health." *Doe v. City of New York*, 15 F.3d 264, 267 (9th Cir. 1998). Here, Defendant is seeking access to Mousavi's most personal information to embark on a fishing expedition with no other goal than to harass Mousavi. Accordingly, this Court should quash Defendant's subpoena, or, in the alternative, modify it as Defendant's request is grossly overbroad.

**B. Defendant's Subpoena Requires Dr. Azizi to Choose Between Violating HIPAA and Ignoring a Court Order**

Next, Defendant has once again failed to comply with the Health Insurance Portability and Accountability Act ("HIPAA") in seeking Plaintiff's medical records. Title II of HIPAA includes a privacy rule that regulates and protects the privacy of individually identifiable health information. 45 C.F.R. § 164.501 *et seq*. Under these rules, the disclosure and use of protected health information ("PHI") held by "covered entities" is generally not permitted without authorization by the

**Motion to Quash Subpoena for Medical Records**

1   person whom the information is sought. *See generally* 45 C.F.R. §§ 164.508, 510.

2   However, there are exceptions to this rule. For instance, where a subpoena is signed

3   by an attorney, HIPAA permits the subpoenaed medical provider to disclose

4   protected health information only upon receipt of one of the following: (i)

5   "satisfactory assurance" that "the individual who is the subject of the protected

6   health information that has been requested has been given notice of the request" as

7   set forth at 45 C.F.R. § 164.512(e)(1)(ii)(A) and (iii), which further requires a

8   representation that the time for the affected individual to object has elapsed and

9   either no objections were filed or that objections filed by the court have been

10  resolved; or (ii) "satisfactory assurance" "that reasonable efforts have been made by

11  [the requesting] party to secure a qualified protective order that meets the

12  requirements of [HIPAA]," which requires representing that a protective order,

13  complicit with HIPAA, has been presented to and/or requested from the court. 45

14  C.F.R. § 164.512(e)(1)(ii)(B) and (e)(1)(iv) and (v). Here, Defendant did not satisfy

15  either requirement of 45 C.F.R. 164.512(e)(1)(ii).

16  In ignoring HIPAA requirements, yet again, pertaining to subpoenas for

17  medical records, the Defendant has placed Dr. Azizi in a catch-22: produce records

18  in violation of HIPAA privacy rules and risk penalization under HIPAA, or refuse

19  to comply with the subpoena and risk contempt sanctions by this Court. These

20  onerous circumstances serve as an additional basis for quashing the subpoena.

21  **IV.   CONCLUSION**

22  Defendant's subpoenas were issued in violation of HIPAA regulations and

23  seek highly personal, private medical records, with very little limitation as to time

24  and no limitation as to subject matter or relevancy. Thus, the subpoena should be

25  quashed or modified, and a protective order barring the disclosure of Mousavi's

26  medical records should be entered.

27

28  DATED:  August 16, 2019                    **HAFFNER LAW PC**

**Motion to Quash Subpoena for Medical Records**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:    <u>/s/ Joshua H. Haffner</u>
Joshua H. Haffner
Attorneys for Plaintiff

**Motion to Quash Subpoena for Medical Records**

## <u>CERTIFICATE OF MAILING</u>

1
2       I hereby certify that on the 16th of August, 2019, I transmitted electronically
3   a true and exact copy of the above and foregoing document to the Clerk of Court
4   using the CM/ECF filing system.   The Court Clerk will transmit a Notice of
5   Electronic Filing to the following ECF registrants:

6
7   - **Robert Earl Applegate**
      applegate@csmlawgroup.com,crystal@csmlawgroup.com,kirby@csmlawgroup.com,amy@csmlawgroup.com
8
9
10  - **Robert P Coffey , Jr**
      robert@csmlawgroup.com,crystal@csmlawgroup.com,reception@csmlawgroup.com,amy@csmlawgroup.com,Cheryl@csmlawgroup.com
11

12  - **Nicholaus Adam Hancock**
      nicholaus@csmlawgroup.com,karen@csmlawgroup.com
13
14      And by placing the same in the United States mail, with proper postage thereon
15  fully prepaid, to the following parties:  NONE
16
17                              /s/Joshua H. Haffner
                                Joshua H. Haffner
18
19
20
21
22
23
24
25
26
27
28

**Motion to Quash Subpoena for Medical Records**